**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **MICHAEL ADDISON,** <br><br> **Petitioner,** <br><br> **v.** <br><br> **MATTHEW G. STEFANCZAK, Acting Warden, New Hampshire State Prison for Men,** <br><br> **and** <br><br> **JOHN M. FORMELLA, New Hampshire Attorney General,** <br><br> **Respondents.** | § § § § § § § § § § § § § § § § | **CIVIL NO. __________________** <br><br> **CAPITAL HABEAS CASE** |

**MOTION FOR APPOINTMENT OF COUNSEL**

Michael Addison is a prisoner in the custody of the State of New Hampshire under sentence of death. He respectfully asks this Court to appoint the Capital Habeas Unit of the Federal Community Defender Office of the Eastern District of Pennsylvania ("FCDO") to represent him in these federal habeas corpus proceedings challenging his convictions and death sentence.

As explained further below, good cause exists to grant this motion. First, as a death-sentenced person in state custody, federal law grants Mr. Addison a mandatory right to qualified federal habeas counsel. Undersigned counsel from the FCDO are experienced capital habeas lawyers and are well qualified to represent Mr. Addison. Because the FCDO receives a sustaining grant from the Administrative Office of the United States Courts ("AO") and its staff includes experienced attorneys, investigators, and paralegals, FCDO's representation will not require compensation from this Court.

Second, appointment of federal habeas counsel at this time is necessary and appropriate. Federal law imposes a one-year statute of limitations for a state prisoner to seek federal habeas review after the conclusion of direct appeal. Although this limitations period is tolled during Mr. Addison's pending state habeas proceeding, more than eleven months of the period have already run in this case. Federal counsel will therefore have less than a month to file a habeas petition after the state post-conviction proceedings end. Given the time-consuming and extensive work involved in preparing a federal habeas petition in a capital case, federal habeas counsel should be appointed at this time.

Third, Mr. Addison has been advised of this motion and requests that the Court appoint the FCDO as his counsel.

For these reasons, there is good cause to grant this motion.

**BACKGROUND AND PROCEDURAL HISTORY**

Michael Addison was charged with the October 16, 2006, murder of Police Officer Michael Briggs in the City of Manchester, New Hampshire. He was tried by jury between October and December, 2008, in the Merrimack County Superior Court before the Honorable Kathleen McGuire. On November 13, 2008, Mr. Addison was convicted of capital murder and related charges. Following a sentencing hearing, the jury recommended that Mr. Addison be sentenced to death, and Judge McGuire formally sentenced him to death on December 22, 2008.

The New Hampshire Supreme Court affirmed Mr. Addison's convictions and death sentence. *State v. Addison*, 87 A.3d 1 (N.H. 2013). The United States Supreme Court denied his timely petition for certiorari on January 11, 2016. *Addison v. New Hampshire*, 577 U.S. 1073 (2016). The one-year statute of limitations for Mr. Addison to file a federal petition for writ of habeas corpus began running on that date. *See* 28 U.S.C. § 2244(d)(1); *see also Lawrence v.*

*Florida*, 549 U.S. 327, 333 (2007) ("[28 U.S.C.] § 2244(d)(1)(A) refers to the 'time for seeking' direct review, which includes review by this Court").

On December 16, 2016, Mr. Addison, through appointed state court counsel, filed a petition for post-conviction relief in the Merrimack County Superior Court. That filing and the subsequent proceedings toll the one-year statute of limitations for seeking federal habeas review. *See* 28 U.S.C. § 2244(d)(2). Mr. Addison thus has 26 days remaining on his federal habeas clock.

Throughout his trial, appeal, and state post-conviction proceedings Mr. Addison has been indigent and therefore has been represented by court-appointed counsel and public defenders.

**REQUEST FOR APPOINTMENT OF COUNSEL**

Title 18, section 3599 of the United States Code creates "a mandatory right to qualified legal counsel" for death-sentenced individuals in state custody. *McFarland v. Scott*, 512 U.S. 849, 859 (1994); 18 U.S.C. § 3599(a). As a death-sentenced person in the custody of the State of New Hampshire, Mr. Addison is entitled to the appointment of such counsel, and § 3599 ensures that death row prisoners like him will be provided federal counsel throughout post-conviction and clemency proceedings. Mr. Addison, however, is not currently represented by federal habeas counsel.

The FCDO has been established by the AO as a Community Defender Organization and is recognized as the Federal Defender Office for the United States District Court for the Eastern District of Pennsylvania. Since 1995, the FCDO has received a sustaining grant from the AO to represent death-sentenced prisoners in federal habeas corpus proceedings. Because of its sustaining grant, the FCDO will not request from this Court any funds for attorney fees, investigation expenses, travel expenses, expert witness expenses (should expert witnesses be needed), or other expenses.

Capital litigation requires specialized knowledge and experience. *See, e.g.*, 18 U.S.C. § 3599(d) (acknowledging the unique and complex nature of capital litigation); *McFarland*, 512 U.S. at 856–57 (noting that the Supreme Court's "death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master") (quoting *Murray v. Giarratano*, 492 U.S. 1, 28 (1989)). FCDO attorneys possess such specialized knowledge and experience. Since 1995, the FCDO has represented scores of death-sentenced prisoners in federal district courts nationwide, in Courts of Appeals, and in the United States Supreme Court. Its capital lawyers have litigated six merits cases before the United States Supreme Court: *Gutierrez v. Saenz*, 606 U.S. 305 (2025); *Williams v. Pennsylvania*, 579 U.S. 1 (2016); *Beard v. Kindler*, 558 U.S. 53 (2009); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003). Its lawyers have served on the faculties of death penalty and/or habeas corpus training seminars for numerous organizations and entities, including the Administrative Office of the United States Courts Habeas Corpus Training and Assistance Project, the National Institute for Trial Advocacy, the NAACP Legal Defense and Educational Fund, the American Bar Association Death Penalty Representation Project, the Pennsylvania Bar Institute, and the National Association of Criminal Defense Lawyers.

The FCDO's Capital Habeas Unit comprises lawyers, investigators, and paralegals who have extensive experience in the litigation of capital post-conviction and clemency proceedings. Lisa Evans Lewis, the Chief Federal Defender for the Eastern District of Pennsylvania, is willing to accept the appointment for Mr. Addison. The Capital Habeas Unit employs attorneys who specialize in capital habeas corpus and post-conviction litigation. Assistant Federal Defenders Tracy Ulstad and Chelsea Hanlock are attorneys in the Capital Habeas Unit. Ms. Ulstad has more than twenty-five years of experience representing indigent criminal defendants, including more

than eighteen years representing capital defendants in state and federal habeas proceedings throughout the country. Ms. Hanlock has more than three years of experience representing indigent capital defendants in state and federal habeas proceedings. Ms. Ulstad and Ms. Hanlock respectfully request that the Court appoint the FCDO and permit them to enter their appearances as counsel for Mr. Addison.

Under protocols adopted by the AO, a federal defender office like the FCDO may provide representation outside its home district or circuit when, inter alia, it can provide specialized expertise necessary in a particular case. Here, the Federal Public Defender Office for this District does not have a capital habeas unit, and Federal Public Defender Tara Allen has been informed of this motion and consents to the FCDO's appointment. Under these circumstances, the FCDO's appointment is appropriate to provide its specialized expertise in this capital federal habeas proceeding. Granting this motion is consistent with the AO's protocols.

Appointment of federal habeas counsel is appropriate at this time. As the Supreme Court recognized in *McFarland*, "the right to appointed counsel adheres *prior* to the filing of a formal, legally sufficient habeas corpus petition," 512 U.S. at 855 (emphasis added), and "necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id*. at 858. "An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial," *McFarland* holds, "because the complexity of our jurisprudence in this area makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law." *Id.* at 855–56 (internal quotations and alterations omitted). Indeed, preparation of a professionally appropriate federal habeas petition on behalf of a death-sentenced prisoner involves extensive investigation, research, record collection and review, client meetings, expert consultations, and drafting. *See generally* Am. Bar Ass'n, *ABA*

*Guidelines for the Appointment & Performance of Defense Counsel in Death Penalty Cases* (rev. ed. 2003), 31 Hofstra L. Rev. 913 (2003). All of this work must be completed before the federal statute of limitations expires, and here, only 26 days remain for Mr. Addison to file his federal petition following the conclusion of state post-conviction review. Moreover, time for seeking certiorari in the United States Supreme Court following a state court's final judgment in habeas proceedings does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). *Lawrence*, 549 U.S. at 332. Appointment of federal habeas counsel is therefore appropriate at this time.

Finally, Mr. Addison has been informed of the FCDO's willingness to represent him and of the instant motion. Attached to this motion is Mr. Addison's statement of intent to file an application for writ habeas corpus pursuant to 28 U.S.C. § 2254 and request that this Court appoint the FCDO with accompanying Financial Affidavit. Mr. Addison respectfully asks that the Court grant the motion.

WHEREFORE, for the foregoing reasons, Mr. Addison respectfully requests that this Court grant this motion and appoint the Federal Community Defender Office for the Eastern District of Pennsylvania as his federal habeas counsel.

DATED this the 13th day of November, 2026.

Respectfully submitted,

MICHAEL ADDISON

By: /s/ Tracy Ulstad______________

Tracy Ulstad
Chelsea Hanlock
Assistant Federal Defenders
Capital Habeas Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut St, Suite 545-W
Philadelphia, PA 19106
215-928-0520
tracy_ulstad@fd.org
chelsea_hanlock@fd.org

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing motion on the following via email and first class mail:

Audriana Mekula
Assistant Attorney General
NH Department of Justice
1 Granite Pl South
Concord NH 03301
audriana.l.mekula@doj.nh.gov

*/s/ Tracy Ulstad*_________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **MICHAEL ADDISON,** <br><br> **Petitioner,** <br><br> **v.** <br><br> **MATTHEW G. STEFANCZAK,** <br> **Acting Warden, New Hampshire State Prison for Men,** <br><br> **and** <br><br> **JOHN M. FORMELLA,** <br> **New Hampshire Attorney General,** <br><br> **Respondents.** | § § § § § § § § § § § § § § § § | **CIVIL NO. ________________** <br><br> **CAPITAL HABEAS CASE** |

**STATEMENT OF INTENT**

I, Petitioner Michael Addison, am currently held in the custody of the State of New Hampshire. I have been sentenced to death as a result of a New Hampshire conviction. I have exhausted my direct appeals and do not have an attorney to represent me in federal habeas proceedings. I am financially unable to hire counsel. A completed Financial Affidavit is attached.

I hereby express my intent to file an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of my confinement. I further respectfully request that the Federal Community Defender Officer for the Eastern District of Pennsylvania, Capital Habeas Unit be appointed to represent me in federal habeas corpus proceedings challenging my convictions and death sentence.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 12th day of November, 2026

By: Michael Addison
Michael Addison

CJA-23
(Rev 3/21)

# FINANCIAL AFFIDAVIT

IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

IN THE UNITED STATES ☑ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify Below)*

IN THE CASE OF

MICHAEL ADDISON v. MATTHEW G. STEFANCZAK and JOHN M. FORMELLA

FOR

AT

LOCATION NUMBER

PERSON REPRESENTED *(Show your full name)*

Michael Addison

1 ☐ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
6 ☑ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)*

DOCKET NUMBER
Magistrate Judge
District Court
Court of Appeals

CHARGE/OFFENSE *(Describe if applicable & check box→)*

Capital Murder; Sentenced to Death

☑ Felony
☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**

Do you have a job? ☐ Yes ☒ No

**IF YES,** how much do you earn per month? ______

Will you still have a job after this arrest? ☐ Yes ☒ No ☐ Unknown

**PROPERTY**

Do you own any of the following, and if so, what is it worth?

| | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|
| Home | $ NO – | |
| Car/Truck/Vehicle | $ NO | |
| Boat | $ NO | |
| Stocks/bonds | $ NO | |
| Other property | $ NO | |

**CASH & BANK ACCOUNTS**

Do you have any cash, or money in savings or checking accounts? ☐ Yes ☒ No

**IF YES,** give the total approximate amount after monthly expenses $ ______

**OBLIGATIONS, EXPENSES, & DEBTS**

How many people do you financially support? 0

| BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|
| Housing | $ | $ |
| Groceries | $ NONE | $ |
| Medical expenses | $ | $ |
| Utilities | $ | $ |
| Credit cards | $ | $ |
| Car/Truck/Vehicle | $ | $ |
| Childcare | $ | $ |
| Child support | $ | $ |
| Insurance | $ | $ |
| Loans | $ | $ |
| Fines | $ | $ |
| Other | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct.

Michael Addison
SIGNATURE OF DEFENDANT
(OR PERSON SEEKING REPRESENTATION)

11-12-26
Date

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Michael Addison

v. Case No. ____________________

Matthew G. Stefanczak and John M. Formella

**ATTACHMENT TO MOTION/AFFIDAVIT TO PROCEED IN FORMA PAUPERIS WITHOUT PREPAYMENT OF FEES**

**CERTIFICATE OF CUSTODIAL INSTITUTION**

Name of Inmate: Michael Addison

Name of Institution: New Hampshire State Prison for Men

Address of Institution: 281 North State Street
Concord NH 03301

1. I hereby certify that for the six-month period immediately preceding this date the applicant has had average monthly deposits to his/her account of $ 160.50 .

2. Further, I certify that for the six-month period immediately preceding this date the applicant has maintained an average monthly balance in his/her account of $ 148.31 .

3. I attach a certified copy of the applicant's trust account statement for the six months preceding the submission of this certificate.

Gillian Connolly
Authorized Officer of Institution

Sr. Accounting Tech
Title

10/29/26
Date